UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

FILED
July 16, 2007

CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| ERNEST RAYMOND BARTON, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 7:05-CV-002-R |
| NATHANIEL QUARTERMAN, Director, ) | |
| Texas Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
| Respondent. ) | |

MEMORANDUM OPINION AND ORDER

Came on to be considered the papers and pleadings filed in this action and the Court finds and orders as follows:

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an inmate currently confined in the Jester Unit, TDCJ-CID, in Richmond, Texas. On, April 10, 2003, Petitioner Ernest Raymond Barton ("Barton") entered a plea of guilty to and was convicted of three counts of unauthorized use of a motor vehicle, one count of evading arrest with a vehicle, and one count of assault on a public servant, with two enhancements for prior felony convictions. *Ex parte Barton* at 90-94. He was sentenced to twenty years imprisonment on each of the first four charges and thirty years on the last, to be served concurrently. *Id*. Barton did not file an appeal. Fed. writ pet. at 3. On January 28, 2004, he filed a state writ of habeas corpus challenging the convictions, *Ex Parte Barton*, App. No. 58,517-01 at 2, 11, 20, 29, 38, which the Texas Court of Criminal Appeals denied without written order on November 10, 2004. *Id*. at cover. Barton filed this federal petition for a writ of habeas corpus on December 10, 2004. Fed. writ pet. at 9.

In support of his petition, Barton alleges that there was insufficient evidence to support his "habitual offender" status because the second enhancement paragraph of the indictment alleged a non-existent prior conviction. Fed. writ pet. at 7, 7a. Specifically, Barton complains that the indictment stated that he had been convicted of burglary of a *building*, when in truth, he had been convicted of burglary of a *habitation*. *Id*. at 7, 7a. The result of this variation, Barton argues, is that there is "no evidence to substantiate the convictions because of the State's use of a nonexisting prior conviction." *Id*. He also alleges ineffective assistance of counsel for failure to object to the variance at trial. *Id*.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act"), Pub. L. 104-132, 110 Stat. 1214, under which there is now a heightened standard of review in federal habeas corpus proceedings. Title I of the Act substantially changed the way federal courts handle such actions. The AEDPA applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063 (1997). Petitioner filed the instant petition after the effective date of the AEDPA. Therefore, Title I of the Act applies to his petition.

The AEDPA provides in relevant part that:

(d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d) (West 2003).

Under the "contrary to" clause, a federal court may grant the writ of habeas corpus if the state court either arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 531 U.S. 1002, 121 S.Ct. 508 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court either unreasonably applies the correct legal rule to the facts of a particular case or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407, 120 S.Ct. at 1520. The standard for determining whether a state court's application was unreasonable is an objective one, and applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). In the context of habeas corpus, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on *substantive* rather than *procedural* grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039, 121 S.Ct. 2001 (2001). The

resolution of factual issues by the state court is afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550, 101 S.Ct. 764, 771 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits, and are fairly supported by the record. *E.g., Burden v. Zant*, 498 U.S. 433, 111 S.Ct. 862, 864 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994), *cert. denied*, 513 U.S. 1137, 115 S.Ct. 959 (1995); 28 U.S.C. § 2254(d).

Under 28 U.S.C. § 2254(b)(1)(A), a state prisoner's petition for a federal writ of habeas corpus shall not be granted unless the petitioner has exhausted his state court remedies. In order to satisfy this requirement, the petitioner's claim must be presented to the highest court of the state for review. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). The Texas Court of Criminal Appeals is the highest court in this State which has jurisdiction to review a petitioner's conviction. Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 2004). To proceed before that court, a petitioner must either file a petition for discretionary review, Tex. R. App. P. 68.1 (West 2004), or an application for a post-conviction writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.07 (West 2004).

Additionally, the petitioner must provide the Texas Court of Criminal Appeals with a "fair opportunity" to review his claim. *Picard v. Connor*, 404 U.S. 270, 275 (19 71). In *Dupuy v. Butler*, the Fifth Circuit read this requirement as meaning the petitioner must present his claims before the state court in a procedurally proper manner—in other words, that *all* of the grounds raised in a federal petition for writ of habeas corpus must have been fairly presented to

the state courts prior to being presented to the federal courts.  837 F.2d 699, 702 (5th Cir. 1988).  Even if a state standard is identical to the federal standard of review, a claim must be labeled as a federal issue in order to be fairly presented.  *Baldwin v. Reese*, 541 U.S. 27, 28-35 (2004).  Therefore, state habeas petitioners should specifically articulate the federal bases for their claims in state court if they desire to keep open the possibility of federal habeas review in the event that the state courts fail to grant their relief.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Anderson v. Harless*, 459 U.S. 4 (1982).

In his state writ, Barton complained of insufficient evidence to support his habitual offender status because of an improper enhancement paragraph, and that his counsel was ineffective for failing to object to the allegedly improper enhancement.  *Ex parte Barton* at 7, 16, 25, 34, 43.  His complaint did not, however, allege any violation of federal, Constitutional rights—indeed, the only laws the complaint mentions are the Texas Penal Code provisions for sentencing varying classes of felonies, *Ex parte Barton* at 7, 16, 25, 34, 43 – which, under *Baldwin*, deprived the Texas Court of Criminal Appeals of the opportunity to address the federal aspect of his claims and procedurally defaulted these unexhausted issues.  *See* 541 U.S. at 28-35.  Indeed, the record shows that Barton alleged violations of federal law only after Respondent Dretke's[1] Answer With Brief In Support made much of this deficiency, [answer with brief in support at 4-5, 9], which serves to highlight the fact that Barton has waited until now to raise

---

[1] Effective June 1, 2006, Nathaniel Quarterman was named Director of the Texas Department of Criminal Justice, Correctional Institutions Division.  The caption of this case has been changed pursuant to Fed. R. Civ. P. 25(d).

federal claims[2]. Because Barton has not exhausted his state remedies, this Court is procedurally barred from reviewing the matter.

Barton argues, however, that this Court should extend the "actual innocence" exception to a procedural default to this non-capital sentence, as he has not been convicted of the specific felony of burglary of a building, but rather burglary of a habitation. Responsive Pleading at 5. To support this argument, he cites *United States v. Maybeck*, 23 F.3d 888 (4th Cir. 1994), where, he states, the Fourth Circuit "applied the actual innocense exception to a procedural default where the defendant's non-capital sentence was improperly enhanced on the basis or his miscalculated career offender status." Responsive Pleading at 5. In *Maybeck*, the Fourth Circuit stated that "the actual innocence exception in non-capital cases should not be available to a defendant who, although actually innocent of an aggravating act, was not prejudiced by its inclusion in the sentencing calculus." 23 F.3d at 894. Barton argues that he has shown actual prejudice by virtue of the state's use of the "nonexisting prior conviction" of burglary of a building – Barton having actually been convicted of burglary of a habitation – to improperly enhance his sentence. Responsive Pleading at 6. However, the mistaken use in the indictment of burglary of a building rather than burglary of a habitation does not appear to have had any prejudicial effect on Barton. Indeed, the effect of this mistake was harmless to Barton since, in Texas, burglary of a habitation, the correct charge, is a first-degree felony, while burglary of a building, the charge incorrectly alleged in the indictment, is a second-degree felony. *See* Tex. Penal Code § 30.02 (West 1988). In other words, had the correct charge been included in the

---

[2]Although, in all fairness, the Petition paperwork Barton filled out did instruct him to not cite cases or law, Fed. writ pet. at 7-8, despite what Respondent mighty have liked to see.

enhancement paragraph of the indictment, Barton might have received a lengthier sentence. The incorrectly-pled enhancement paragraph may have worked in Barton's favor, but could not have caused a prejudicial result in sentencing. Therefore, Barton cannot demonstrate any prejudice arising from the indictment.

Additionally, if a petitioner has not fully exhausted state remedies but the state court would now find the claim procedurally barred, there has been a procedural default for purposes of federal habeas relief. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Texas Code of Criminal Procedure art. 11.07 § 4 embodies the State's habeas abuse of the writ doctrine, providing as follows:

> Sec. 4. (a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> > (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
> >
> > (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.
>
> (b) For purposes of Subsection (a)(1), a legal basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the legal basis was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date.
>
> (c) For purposes of Subsection (a)(1), a factual basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date.

Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (West 2006).  The Texas abuse of the writ doctrine represents an adequate state procedural bar for purposes of federal habeas review.  *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997), *cert denied*, 523 U.S. 1139, 118 S.Ct. 1845 (1998).  This principle has been well established law in the Fifth Circuit since 1995.  *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000);  *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 515 U.S. 1153, 115 S.Ct. 2603 (1995).

Applying this test to the instant case, it becomes apparent that, were Barton to file another state writ, he would be in violation of the abuse of the writ doctrine.  There was nothing preventing Barton from raising even his more recent federal claims in state court, and, had Barton's enhancement paragraph in his guilty plea correctly characterized his prior burglary conviction as of a habitation rather than of a building and his counsel objected to its mischaracterization at trial, his sentence would, if anything, have been *more* severe that the one he complains of now, as burglary of a habitation is a first-degree felony while burglary of a building is a second-degree felony.  *See* Tex. Penal Code § 30.02 (West 1988).  Thus, a rational juror could easily have found Barton guilty beyond a reasonable doubt.

Moreover, even had Barton fully exhausted his state remedies, his petition for a federal writ would have to fail on the merits.  Barton first alleges that, because his second enhancement paragraph was incorrectly stated as a burglary of a *building* rather than burglary of a *habitation*, there is no evidence to support his habitual offender status.  Fed. writ pet. at 7, 7a.  First, it bears noting that this variance is minimal; in his indictment, the cause number of his burglary conviction, the court, the type of offense, and the date were correct—only the severity of the offense differed.  *Ex parte Barton* at 63, 75-76, 88.  Second, while it is technically true that

Barton was not convicted of the specific crime of burglary of a building – having, instead, been convicted of burglary of a habitation – it is just as true that he plead guilty and judicially confessed that he committed the felony. *Id*. at 63-72. This guilty plea and stipulation prevents Barton from raising an independent claim relating to his prior conviction. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Long v. McCotter*, 792 F.2d 1338, 1342 (5th Cir. 1986) (a plea of "true" to an enhancement charge waives subsequent challenges to the validity of prior conviction set forth in the charge). Barton's failure to object to the use of his burglary conviction also amounted to a waiver of the alleged Constitutional error. *Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977).

In addition, during the plea colloquy, Barton also told the court that he had read and reviewed the documents alleging his prior convictions in the enhancement paragraphs and expressly waived any objections. *Ex parte Barton*, App. No. 58,517-01 at 55-56. Failure to object to such matters during trial precludes Barton from federal habeas relief unless he can show cause and actual prejudice. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Goodwin v. Collins*, 910 F.2d 185, 187 (5th Cir. 1990).

Barton argues that he has shown actual prejudice by virtue of the state's use of the "nonexisting prior conviction" of burglary of a building – Barton having actually been convicted of burglary of a habitation – to improperly enhance his sentence. Petitioner's Response to Respondent's Answer at 6. However, the mistaken use in the pleading of burglary of a building rather than burglary of a habitation does not appear to have actually had a prejudicial effect on Barton. Indeed, the effect of this mistake was harmless to Barton because, in Texas, burglary of a habitation, the correct charge, is a first-degree felony, while burglary of a building, the

incorrectly-pled charge, is a second-degree felony. *See* Tex. Penal Code § 30.02 (West 1988). In other words, had the correct charge been included in the enhancement paragraph, Barton would if anything have received a lengthier sentence. Thus, Barton cannot show prejudice as a result of the enhancement paragraph of the indictment.

Barton's second allegation is that his trial attorney provided ineffective assistance of counsel by failing to object to the erroneous characterization of his burglary of a habitation as burglary of a building. Fed. writ pet. at 7, 7a. The burden of proof in a habeas proceeding attacking the effectiveness of counsel is on the petitioner, who must demonstrate both ineffectiveness and resultant actual prejudice. *Carson v. Collins*, 993 F.2d 461 (5th Cir. 1993). In order to establish that his counsel's performance was Constitutionally deficient, Barton must show that counsel's representation fell short of "and objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). In doing so, Barton must overcome a strong presumption that his trial counsel's conduct fell within a wide range of reasonable professionalism. *Id*. at 687-91. Any deficiencies in Barton's counsel's performance must also have been prejudicial to him in order to constitute ineffective assistance under the Constitution. *Id*. at 692. In order to establish that his counsel's performance was prejudicial, Barton must show that the result of the proceedings against him would have been different but for the counsel's errors. *Id*. at 694.

The record reflects that Barton entered a plea of guilty to the charges against him, which generally waives all Sixth Amendment claims for ineffective assistance of counsel except such claims relating to the voluntariness of the plea, which Barton does not attack and for which there is ample evidence to suggest was genuine. *Tollett v. Henderson*, 411 U.S. 258, 267 (1978);

*Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987); *Beasley v. McCotter*, 798 F.2d 116, 118 & n.1 (5th Cir. 1986) (per curiam); *Smith v. Estelle*, 711 F. 2d 677, 682 (5th Cir. 1983); *Ex parte Barton*, App. No. 58,517-01 at 52-54. Second, Barton has not alleged that, had his counsel objected to the mischaracterization of his prior burglary conviction, the outcome of his trial would have been any different, much less that he was prejudiced by his counsel's failure to object. Fed. writ pet. at 7, 7a. Barton, however, alleges that his counsel's failure to object did in fact actually prejudice him because he would have received a lesser sentence but for the erroneous characterization as one of his prior convictions as burglary of a building rather than burglary of a habitation. *Id*. at 7a. Had Barton's counsel objected, however, the effect, if any, would have been for the State to correct its mistake in the plea bargain and possibly increase the length of Barton's sentence, as the felony he properly was convicted of was more serious than the enhancement felony he pled to.

In summary, Petitioner Barton has not exhausted his state remedies because he has deprived the Texas Court of Criminal Appeals of the fair opportunity to review the federal claims he now brings before this Court. Further, were he to bring a second petition for writ of habeas corpus before a Texas state court, he would be in violation of the abuse of the writ doctrine, which, in the Fifth Circuit, is an adequate state procedural bar for the purposes of federal habeas review. This Court is therefore procedurally barred from reviewing Barton's petition. Were this Court not procedurally barred, however, Barton's petition would still fail on the merits because Barton has not demonstrated that the mischaracterization of his prior burglary conviction as of a building rather than of a habitation, or his counsel's failure to object thereto,

actually prejudiced him in any way, or that the outcome of his trial would have been any different had he been properly characterized as having committed the more serious crime.

For the foregoing reasons, IT IS ORDERED that the petition for writ of habeas corpus is DENIED.

The Clerk of Court shall transmit a copy of this Order to Petitioner and to Counsel for Respondent.

SO ORDERED this 16th day of July, 2007.

_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE